IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SHEILA JOHNSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-0502-W-HFS |
| | ) | |
| DURHAM D&M, L.L.C. | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the court is plaintiff's motion to remand. Plaintiff seeks remand and claims that due to lack of subject matter jurisdiction, this court lacks authority to hear this case. On May 27, 2009, plaintiff commenced suit in the Circuit Court of Jackson County, Missouri, Independence against her employer, Durham D & M, LLC, and Faye Chapman, alleged to have supervisory control over plaintiff. In her complaint, plaintiff asserted discrimination and retaliation in violation of the Missouri Commission on Human Rights Act "MHRA." Plaintiff's complaint also stated that both she and Chapman are residents of Missouri, and Durham is a Delaware limited liability corporation.

According to plaintiff, this destroys diversity of citizenship, and removal, therefore, was improper. Defendants oppose remand and argue that Chapman's citizenship should be ignored because she was fraudulently joined for the sole purpose of defeating diversity jurisdiction. In support of their argument defendants claim that plaintiff cannot support a viable MHRA claim against Chapman because: (1) plaintiff did not allege in her complaint that Chapman discriminated

or retaliated against her; and (2) plaintiff failed to exhaust her administrative remedies against this defendant.

Plaintiff supports her argument for remand in large part on the opinion recently filed by the Honorable Judge Ortrie D. Smith in *Adamson v. Durham D & M, et al., Case No. 09-cv-00523-ODS*. There, the plaintiff commenced suit against Durham, and Chapman, as well as a second supervisory employee, Jeff Hill. Similar to the case at bar, defendants removed the action to this court claiming that defendants Chapman and Hill were fraudulently joined in order to defeat diversity.[1] Also similar to the instant case, defendants supported their argument by claiming, among other things, that: (1) Hill was not identified as a respondent in the administrative charge; and (2) the allegations against Hill were insufficient to support a claim under the MHRA. *Adamson Order*, pg. 1.

Nevertheless, defendants claim that the basis for removal here is totally unrelated to the basis asserted in *Adamson* where the plaintiff both named Chapman as a respondent in the charge of discrimination, and in his complaint, alleged that Chapman committed unlawful acts. Be that as it may, in *Adamson* defendants asserted these frailties in regard to defendant Hill -who was not named in the charge of discrimination- (Notice of Removal: Attachment 5); however, remand was nevertheless granted. Here, although Chapman is not indicated in the administrative charge, plaintiff expressly states in her complaint that both Durham and Chapman discriminated against her. (Notice of Removal: Attachment 1; ¶¶27-32). Contrary to defendants' contention, their arguments set forth in the present controversy against Chapman essentially mirror those presented against Hill in *Adamson*.

Preliminarily, Judge Smith noted that where the sufficiency of the complaint against the non-

---

[1]Judge Smith was somewhat convinced that Chapman was not fraudulently joined. *Adamson Order*, pg. 3.

diverse defendant is questionable, "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." *Adamson* Order, pg. 2; quoting, Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003). As to Hill, Judge Smith noted that while there may be viable arguments to conclude that Hill should be dismissed, there are circumstances under which a defendant may later be sued even though not initially named in the administrative complaint. *Adamson Order*, pg. 3; citing, Hill v. Ford Motor Co., 277 S.W.3d 659, 669-70 (Mo. 2009). In Hill, although defendant Ford Motor Co. claimed that liability could not attach to defendants Hume and Edds because the plaintiff did not specifically name them in the administrative charge, the court found that it was not fatal to a prospective MHRA claim. Hill, at 670. Primarily because there are several exceptions to the general rule that a defendant must first be named in the administrative charge. Id.[2] The court in Hill concluded that this question is better suited for review by a Missouri court in connection with a summary judgment motion and a complete evidentiary record. Id. Judge Smith has adopted the holding in Hill, and under quite similar circumstances, I concur that its finding is persuasive. Should defendants' arguments prevail before the state court judge, and pursuant to 28 U.S.C. §1446(b) time permits, defendants may seek removal of this case.

Accordingly, it is hereby

ORDERED that plaintiff's motion to remand (ECF doc. 4) is GRANTED. The above captioned case is REMANDED to the Circuit Court of Jackson County, Missouri, Independence within seven days from the date of this order.

---

[2]The two exceptions recognized by the courts are the "identity of interests" and the "actual notice" exceptions which essentially state that an unnamed party will not be dismissed if he or she had adequate notice of the charge and opportunity to participate in conciliation proceedings aimed at voluntary compliance. Hill, 277 S.W.3d at 669.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

August  19 , 2009

Kansas City, Missouri